{¶ 15} Although I agree with the majority's disposition of appellant's first assignment of error, I concur in judgment only with respect to its disposition of appellant's second assignment of error and write separately to express my reasons for doing so.
 {¶ 16} I have consistently disagreed with those who have found that a trial court complies with the mandate for consistency in sentencing under R.C. 2929.11(B) simply by demonstrating that its comments at the sentencing hearing reflect it "considered that aspect of statutory purpose in fashioning an appropriate sentence." See, e.g., State v. Mayes, Cuyahoga App. No. 82592, 2004-Ohio-2014, at ¶ 73. I cannot agree that State v.Edmonson (1999), 86 Ohio St.3d 324, stands for this proposition, despite the majority's reliance upon cases from this court that have relied upon Edmonson as support.
 {¶ 17} Nonetheless, I agree with the majority that an offender must present some argument on this issue at sentencing in order to preserve the issue for appeal. State v. Mayes,
2004-Ohio-2014, at ¶ 79. Having failed to do so, appellant cannot now argue that the sentence imposed by the trial court was inconsistent with those imposed on similar offenders.